UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA ANN MCBRIDE,

Plaintiffs,

v.

SSA COMMISSIONER, et al.,

Defendants.

Case No. 25-cv-00666-EMC

**GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EMERGENCY MOTION TO EXPEDITE**

Docket No. 54

Plaintiff Patricia Ann McBride requests injunctive relief compelling, among other things, the Social Security Administration ("SSA") to initiate interim benefit payments and complete an expedited accounting of *Goldberg Kelly* continuation payments. Dkt. 54. Defendant opposed the motion. Dkt. 55. Plaintiff filed a reply. Dkt. 56.

The Court **DENIES** Plaintiff's motion in part as to the requests for the Court to direct SSA to make interim benefit payments and complete *Goldberg Kelly* payment accounting. The Court **GRANTS** Plaintiff's motion in part as to an expedited briefing schedule.

The Court **DENIES** Plaintiff's motion for injunctive relief.

The Court may grant injunctive relief where the plaintiff has established: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).

Here, the court recognizes the likelihood of irreparable harm due to cessation of Supplemental Security Income (SSI) payments during the appeal period. Plaintiff, however, has not demonstrated a likelihood of success on the merits as to interim and continuation payments. Defendant argues it is unclear that Plaintiff is due any payments because Plaintiff's SSI was terminated due to excess resources. Opp. at 2. Plaintiff claims the Court should not consider the

United States District Court
Northern District of California

excess resources issue because the judicial review of the administrative law judge's ruling is limited to an overpayment issue, not termination of her benefits for excess resources. Reply at 4. Plaintiff has not established a likelihood of success on the merits that she is entitled to interim or continuation payments. Thus, the Court denies Plaintiff's request for injunctive relief.

Plaintiff's motion is **GRANTED** in part as to expedition of the briefing schedule.

Previously, this case was dismissed without prejudice on July 15, 2025, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 405(g). Dkt. 23. On July 7, 2026, the Court ordered Plaintiff to file an amended complaint following exhaustion of Plaintiff's administrative remedies. Dkt. 46.

On July 13, 2026, Plaintiff filed a "first amended complaint." Dkt. 47. The Court finds that because this document is fashioned as a summary judgment motion, there is currently no operative complaint in this case. Plaintiff is ordered to file an amended complaint in this case no later than September 24, 2026.

After Plaintiff files an amended complaint, the following briefing schedule shall proceed as initiated by Plaintiff's filing of an opening brief in this proceeding:

1. Opening Brief: Plaintiff may file an opening brief at any time, but no later than October 24, 2026.
2. Response Brief: 14 days following Plaintiff's Opening Brief.
3. Reply Brief: 7 days following Defendant's Response Brief.

**IT IS SO ORDERED**.

Dated:



EDWARD M. CHEN
United States District Judge